Houck, J.
Error is here prosecuted to reverse the judgment of the common pleas court in this case.
*89 The plaintiff brought suit to recover from the estate of Carrie L. Lahm, deceased, the sum of $4,255, which he claimed to be the reasonable value of certain work and services done and performed by him for the said Carrie L. Lahm prior to her death. The services for which he seeks to recover were performed between the 1st day of March, 1911, and the 21st day of January, 1915. The answer filed was in substance a general denial. The cause was submitted to a jury upon the pleadings and the evidence; the jury returned a verdict for the defendant; and, judgment having been entered on the verdict, error is here prosecuted praying for a reversal of said judgment.
We have given this case careful consideration, and have read the bill of exceptions, and were materially aided in our examination of the record and the bill of exceptions by the very able oral arguments of counsel, as well as by the written briefs filed in the case by them.
Plaintiff in error insists that the trial judge erred prejudicially to his rights in the premises in giving to the jury certain written charges before argument, as requested by the defendant. We think it necessary to discuss but two of these requests, namely, Nos. 2 and 3, which are as follows:
“No. 2. I charge you that this is a suit to recover from the estate of defendant’s decedent compensation for his services alleged to have been, rendered under an implied contract. Whether the contract is express or implied, the meeting of the minds of the parties.upon its terms is necessary to the making of the contract. If the minds of the *90 parties did not meet on any terms of agreement, there is no contract.
“No. 3. If you find from the evidence that at the time plaintiff went to live in decedent’s home he did so under an agreement to render the services shown by the evidence to have been performed by him for decedent, and that he was to receive as compensation therefor his room and board, and with no provision for further or other compensation, then plaintiff can not recover in this action, and your verdict should be for the defendant.”
When written requests of propositions of law are asked to be given to a jury before argument the trial judge must give the same if they are sound propositions of law pertaining to the issue or issues raised by the pleadings and applicable to the proven facts in the case. Although a request may be sound, as an abstract proposition of law, yet the trial court will not commit error by refusing to submit it to the jury unless it is clearly applicable to the issues to be determined and the facts in the case as established by the evidence.
The question then for our consideration and judgment is: Did or did not the trial judge err prejudicially to the rights of plaintiff in error in submitting to the jury such requests? We must answer this inquiry in the affirmative. Having done so it is our duty to assign our reasons for so doing, which, briefly stated, are as follows:
We think request No. 2 is clearly misleading and prejudicial to the rights of plaintiff in error. In clear language it states that the services alleged to have been rendered by the plaintiff for the defendant were by reason of an implied contract. It *91 then states, “Whether the contract is express or implied, the meeting of the minds of the parties upon its terms is necessary to the making of the contract. If the minds of the parties did not meet on any terms of agreement, there is no contract.”
If the contract was an implied one then it had no connection with an express contract. Then why should any reference be made to an express contract, if the plaintiff did not rely upon such to recover? The evidence necessary to establish an implied contract is very different from that required to prove an express contract. In an express contract all the terms and conditions are expressed between the parties, and they arrive at their agreement by words either oral or written, while in an implied contract some of the terms and conditions are implied by law from the conduct of the parties. Thus, where one performs for another, with his knowledge, consent and acquiescence, some useful or valuable service, however small it may be, that is commonly charged for, and the same is accepted, a promise to pay what the same is reasonably worth is implied. It will be observed that in the request now under consideration there is no explanation as to what proof is necessary to establish an implied contract, but in effect, at least, the language used would imply that the same proof would be necessary to establish an implied contract as is required in an express contract.
As to request No. 3, we will say that the real force and effect of the language used — if we are able to properly analyze and interpret same— charges that the contract was an express one. Both of these requests are vague, uncertain and *92 indefinite, and we think are very misleading and highly prejudicial to the substantial rights of the plaintiff in error.
If we apply the rule of law as herein laid down as a test to the above requests we can reach but one conclusion, and that is that the common pleas court was in error in submitting them to the jury.
Finding error in the record prejudicial to the rights of the plaintiff in error, the judgment of the common pleas court is reversed and the cause remanded to that court for a new trial.

Judgment reversed and cause remanded.

Powell and Shields, JJ., concur.